IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EARDINE FERRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:12-CV-844-WKW |
| | )              [WO] |
| STEPHANIE FORRESTER, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Defendant Stephanie Forrester removed this action from the Circuit Court of Chambers County, Alabama, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446(b).[1] Before the court is Plaintiff's motion to remand (Doc. # 5), which Defendant opposes (Doc. # 11). Based upon the arguments of counsel, the relevant law, and the record as a whole, Plaintiff's motion is due to be granted.

**I. STANDARD OF REVIEW**

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). At the same time, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins.*

---

[1] Sections 1441 and 1446 were amended in 2011, and those amendments became effective on January 6, 2012. *See* Federal Courts Jurisdiction & Venue Clarification Act of 2011 ("Act"), Pub.L. No. 112–63, 125 Stat. 758. Because this action was commenced prior to the Act's effective date, the Act does not apply to this action. *See id.*

*Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Hence, in actions removed from state court to federal court, federal courts strictly construe removal statutes, resolve all doubts in favor of remand, and place the burden of establishing federal jurisdiction on the defendant. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–30 (11th Cir. 2006).

## II. BACKGROUND

This action arises out of a two-vehicle collision occurring between Plaintiff and Defendant on December 29, 2008, in Chambers County, Alabama. Plaintiff's vehicle was totaled, and she suffered "permanent injuries" to her ribs, right knee, left arm, and "body as a whole." (Compl. 2.) Her injuries have required "extensive, painful medical treatment," and her pain and mental anguish have been "great." (Compl. 2.)

Plaintiff filed this action on December 7, 2010, in the Circuit Court of Chambers County, Alabama. Seeking compensatory and punitive damages in unspecified amounts, Plaintiff alleges state law claims for negligence and wantonness against Defendant. The Complaint alleges that Plaintiff and Defendant are Alabama residents.

For reasons not stated in the record, Plaintiff did not perfect service on Defendant until August 30, 2012, approximately twenty-one months after the filing of the Complaint. Defendant removed this action based upon diversity jurisdiction, within thirty days of receiving service of the initial complaint. *See* § 1446(b).

In her Notice of Removal, Defendant asserts that there is complete diversity of parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendant avers that Plaintiff is an Alabama citizen and that Defendant is a Florida citizen. The record reveals that Defendant was an Alabama citizen when the motor vehicle accident occurred and when this lawsuit was filed. By the time she was served with process, however, Defendant had graduated from a university in Alabama and had moved to Florida where she obtained employment. (Doc. # 11, at 2.)

### III. DISCUSSION

"Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010); *see also* § 1332(a). The motion to remand turns on whether Defendant has demonstrated complete diversity of citizenship. For the reasons to follow, Defendant has not satisfied her burden of proof. The court need not reach, therefore, the issue with respect to the amount in controversy.

There is well-established precedent that "[i]n order for a case to be removable on the ground of diversity, diversity must exist at the time the state action is

commenced." *Roecker v. United States*, 379 F.2d 400, 407 (5th Cir. 1967)[2] (citing *Jackson v. Allen*, 132 U.S. 27 (1889)); *see also MacGinnitie*, 420 F.3d at 1239 (holding in a removal case that "[c]itizenship for diversity purposes is determined at the time the suit is filed"). A corollary to this general rule is that if complete diversity did not exist when the action originally was commenced, a party cannot create it later by changing his or her domicile. *See Goff v. Michelin Tire Corp.*, 837 F. Supp. 1143, 1144 (M.D. Ala. 1993) (finding that removal jurisdiction based on diversity of citizenship was not destroyed by the plaintiff's change of citizenship after the action had been commenced in state court); *Kilpatrick v. Arrow Co.*, 425 F. Supp. 1378, 1380 (W.D. La. 1977) ("[A] defendant cannot render a suit removable merely by moving to another State after plaintiff files his original complaint in the State Court." (citing *Porter v. St. Louis-San Francisco Ry. Co.*, 354 F.2d 840 (5th Cir. 1966)).

There also is a long line of authority that when diversity of citizenship is the basis of removal, complete diversity also must exist "at the time the case is removed to federal court." (collecting cases)); *see also Stevens v. Nichols*, 130 U.S. 230, 231 (1889) ("The case was not removable from the state court, unless . . . at the commencement of the action, as well as when the removal was asked, [the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

4

defendants] were citizens of some other State than the one of which the plaintiff was, at those respective dates, a citizen."); *Goff*, 837 F. Supp. at 1144 ("In order for defendants to be able to remove this case to federal court based on diversity, diversity must have existed at both the time the complaint was originally filed and at the time of removal."). Here, it is undisputed that there was complete diversity between the parties at the time of removal; thus, the focus is on whether complete diversity existed at the commencement of the action in state court.

The parties' arguments focus on Plaintiff's and Defendant's citizenship on two separate dates: (1) the date the lawsuit was filed (December 7, 2010); and (2) the date Defendant was served (August 30, 2012). The facts with respect to the parties' citizenship on these dates are not in dispute. Plaintiff was an Alabama citizen on both dates. Defendant was an Alabama citizen on the date of the Complaint's filing in state court but was a Florida citizen on the date of service.

The dispute lies in the timing for determining complete diversity. Plaintiff contends that complete diversity is lacking because on the date of the Complaint's filing in state court, both parties were citizens of the same state.

Defendant argues that this is not the usual case where "the date of filing and the date of service are . . . very close in time." (Doc. # 11, at 2.) Rather, twenty-one months separate the Complaint's filing and service of process on Defendant. (Doc.

# 11, at 2.) Defendant urges that where service is delayed and there is a change in a defendant's citizenship after the Complaint's filing but prior to service, the date the Complaint was filed is not determinative for assessing complete diversity. Defendant argues that on this record complete diversity should be determined at the time Defendant was served with process. Because Defendant changed her citizenship from Alabama to Florida in the interim between the Complaint's filing and service of process, Defendant contends that there is complete diversity between the parties to support removal. For the reasons to follow, the court finds that Defendant has not met her burden of demonstrating complete diversity.

Defendant's argument alludes to a potentially relevant principle of law, but stops short of addressing it, namely, that timely service is a prerequisite to a lawsuit's commencement. Generally, a lawsuit's commencement and its filing are one and the same. *Compare Roecker*, 379 F.2d at 407 ("commenced"), with *MacGinnitie*, 420 F.3d at 1239 ("filed"). That is not always so, however, and whether an exception lies to the general rule requires a threshold determination of the meaning of "commenced."

In other contexts sufficiently analogous, courts in this circuit have found that state law determines when an action is commenced. *See Tmesys, Inc. v. Eufaula Drugs, Inc.*, 462 F.3d 1317, 1319 (11th Cir. 2006) ("[S]tate law determines when an

action is commenced for purposes of CAFA."); *Hattaway v. Engelhard Corp.*, 998 F. Supp. 1479, 1480 (M.D. Ga. 1998) (To determine when the case commenced for purposes of § 1446(b)'s one-year bar on removal of diversity actions, the district court "look[s] to state law."); *see also Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th Cir. 1993) ("State law determines when an action is commenced for removal purposes.").

Under Alabama law, "[a] civil action is commenced by filing a complaint with the court." Ala. R. Civ. P. 3(a). Rule 3(a) anticipates that generally an action commences upon filing, even though service is not made until later, but the Supreme Court of Alabama has carved out an exception to that general rule. An action is not commenced under Rule 3(a) if "it was not filed with the bona fide intention of having it immediately served." *Ward v. Saben Appliance Co.*, 391 So. 2d 1030, 1035 (Ala. 1980); *see also Freer v. Potter*, 413 So. 2d 1079, 1081 (Ala. 1982) (Rule 3(a) "calls for an implied demand for immediate service."). For example, in three Alabama cases, the plaintiffs did not have the requisite bona fide intention where upon filing of the complaints, the plaintiffs' counsel gave instructions for withholding service, and, therefore, the actions did not commence on the dates the complaints were filed. *See Ward*, 391 So. 2d at 1035; *Finkelstein v. Lovell*, 449 So. 2d 1240, 1240 (Ala. 1984); *Freer*, 413 So. 2d at 1081.

Based upon the foregoing authority, Defendant may be attempting to argue that the action did not commence at the Complaint's filing in state court because Plaintiff did not intend immediate service. On its face, this argument is appealing based upon the twenty-one-month gap between the Complaint's filing and service of process. The record is barren, however, concerning Plaintiff's intention with respect to service. Defendant asserts that the delay was "the complete fault of the Plaintiff" (Doc. # 11, at 1), but that argument is conclusory and sheds no light on what efforts Plaintiff made or did not make to serve Defendant. There is no evidence similar to that in *Ward*, *Freer*, and *Finkelstein* that Plaintiff's counsel directed the state court clerk not to serve Defendant. There is insufficient evidence that Plaintiff did not have a bona fide intention of having the Complaint immediately served. Defendant, as the party seeking access to a federal forum, must bear the brunt of the evidentiary deficiency. *See Miedema*, 450 F.3d at 1328. Under Alabama law, therefore, this action commenced upon the filing of the Complaint.

To argue otherwise, Defendant cites *Hendry v. Masonite Corp.*, 455 F.2d 955 (5th Cir. 1972). That case was decided on appeal in 1972 from a decision of the Southern District of Mississippi. As discussed above, state law determines when an action commences for the purposes of determining diversity jurisdiction. It may have been that actions commenced upon service, rather than upon filing, under Mississippi

8

law in 1972 (the setting of the *Hendry* case), or it may have been that on *Hendry*'s facts, the dates of filing coincided with the dates of service. *Hendry* does not say. But under Alabama law today, this action commenced when Plaintiff filed her complaint in Chambers County, and nothing in the *Hendry* decision compels a different conclusion.

The court declines to adopt Defendant's argument that the date of service is the date for determining her citizenship, to the extent her argument ignores the intentions of Plaintiff regarding immediate service. To do so would provide an incentive for a manipulative defendant sued in state court on state law claims, but desiring a federal forum, to avoid service for the purpose of changing domiciles to create an avenue for removal. While there is no indication of improper motives here, there is persuasive authority that another court-made removal rule was designed to prevent similar tactics. *Cf.* 14B Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 3723 (4th ed. 2009) ("The purpose of requiring diversity to exist at both times apparently is to prevent a non-diverse defendant from acquiring a new domicile after commencement of the state court suit and then removing on the basis of the newly created diversity of citizenship.").

Defendant urges a rule treating service of process as the determining date for assessing complete diversity when a defendant argues a change in his or her domicile

9

prior to service, but after a complaint's filing. Defendant seeks to use the date of service of process to her removal advantage. But it is unclear what her position would have been if complete diversity had existed at the time of the Complaint's filing in state court, but had dissolved prior to service based upon Defendant's change of domicile. Defendant offers no policy reason that equally applies to her situation and the reverse situation, but as indicated above, there is a policy reason that supports rejection of her theory.

For the foregoing reasons, for purposes of determining whether complete diversity exists, the citizenship of the parties at the time the action was commenced in state court controls, and here Alabama law governs for ascertaining when the action commenced. Absent evidence that Plaintiff lacked the requisite bona fide intent to effect immediate service, as required under Alabama law, this action commenced on the date of the Complaint's filing in state court, not later. On that date, both Plaintiff and Defendant were Alabama citizens; therefore, complete diversity is lacking. These findings are within the heartland of Supreme Court precedent, align with Alabama law's defining when an action commences, and are consistent with the Eleventh Circuit's "rule of construing removal statutes strictly and resolving doubts in favor of remand." *Miedema*, 450 F.3d at 1328.

## IV.  CONCLUSION

Defendant removed this action on the basis of diversity jurisdiction, but she has not established that there was complete diversity between the parties when the action was commenced in state court. Accordingly, it is ORDERED that Plaintiff's motion to remand (Doc. # 9) is GRANTED, and this action is REMANDED to the Circuit Court of Chambers County, Alabama, pursuant to 28 U.S.C. § 1447(c). The Clerk of the Court is DIRECTED to take appropriate steps to effectuate the remand.

DONE this 5th day of March, 2013.

                                            /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE